THE STATE OF NEBRASKA V. PETER WISH.

**Statutes:** CONSTRUCTION.    Where a new act is in the very words of a statute which it repeals, and it is clear that the repeal and re-enactment were intended to continue in force the uninterrupted operation of the old statute, they will be so construed.    And this will apply to crimes committed before the new act took effect.    *State v. McCall,* 9 Neb., 203.    *Wright v. Oakley,* 5 Met., 406.    *Fullerton v. Spring,* 3 Wis., 671.

BILL of exceptions from Antelope county on behalf of plaintiff, filed under secs. 515, 516, criminal code.

*E. M. Coffin,* district attorney, for the State.

*D. A. Holmes,* contra.

MAXWELL, J.

At the April, 1883, term of the district court of Antelope county, the defendant was indicted for stealing a horse

in that county on the twenty-seventh of March, 1883. On the thirteenth day of November, 1883, the defendant demurred to the indictment, upon the ground that the facts stated therein did not constitute an offense under the statute. The demurrer was sustained and the defendant discharged. The prosecuting attorney then applied for and obtained leave to file a petition in error in this court for the purpose of having the law determined. No objection is made to the form of the indictment, but it is claimed that the law for the punishment of horse stealing was repealed without a saving clause after the offense charged in the indictment was committed. The act to amend sec. 117 of the criminal code is as follows: "If any person shall steal any horse, mare, gelding, foal, or filly, ass or mule of any value; or if any person shall receive or buy any horse, mare, gelding, foal, or filly, ass or mule that shall have been stolen, knowing the same to have been stolen, with intent by such receiving or buying to defraud the owner; or if any person shall conceal any horse thief, knowing him to be such; or if any person shall conceal any horse, mare, or gelding, foal or filly, ass or mule, knowing the same to have been stolen; every person so offending shall be imprisoned in the penitentiary not more than *ten* years nor less than *one* year."

"Sec. 2.   Section 117 of the criminal code of this state, as now existing, is hereby repealed."

"Approved February 27th, 1883." Laws 1883, p. 333.

The only difference between the original section and the one as amended is, in reducing the maximum imprisonment from fifteen years to ten years and the minimum from three years to one year. In all other respects the language of the section as amended is verbatim that of the original. The repeal of the original section was made in conformity to the provisions of section 11, art. III. of the constitution, which provides that "no law shall be amended unless the new act contains the section or sections so amended, and

the section or sections so amended shall be repealed." The object of this provision was to give certainty to the law by removing all apparently conflicting provisions. And this was the only purpose, as those familiar with the history of the legislation of the state well know.

The law as to an absolute repeal of a statute is well stated by Matthew Hale, as follows: "That when an offense is made treason or felony by an act of parliament, and then those acts are repealed, the offenses committed before such repeal and the proceeding thereupon are discharged by such repeal, and cannot be proceeded upon after such repeal unless a special clause in the act of repeal be made enabling such proceeding after the repeal for offenses committed before the repeal." Hale's Pleas of the Crown, vol. 1, 291. This would follow as a consequence, because certain acts being declared a felony by statute and to be punished in a certain manner therein provided, upon the repeal of the statute the authority to punish would be entirely taken away; that is, the authority being derived from the statute, upon its unconditional repeal the power ceases. But does this rule apply where in fact the statute has not been repealed? There would seem to be a material difference between repealing a statute and leaving nothing in its place, and simply repealing it so far as to avoid an apparent conflict between the original and amended sections of the act. In the one case the power would be entirely gone, while in the other no instant of time had passed between the repeal of the old act and the taking effect of the new.

The repealing act re-enacts the provisions of the old statute in its very language in all respects, except in reducing the imprisonment. We hold, therefore, that where the re-enactment is in the words of the old statute, and was evidently intended to continue in force the uninterrupted operation of such statute, that the new act or amendment is a mere continuation of the former act, and is not in a

proper sense a repeal. *State v. McCall*, 9 Neb., 203. *Fullerton v. Spring*, 3 Wis., 671. *Wright v. Oakley*, 5 Met., 406. The demurrer should have been overruled.

THE other judges concur.