STATE OF NEBRASKA, APPELLEE, V. BARTON L. SUNDLING,
APPELLANT.

531 N.W.2d 7

Filed April 25, 1995.    No. A-94-1100.

Dennis R. Keefe, Lancaster County Public Defender, and Susan R. Tast for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

SIEVERS, Chief Judge, and IRWIN and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Barton L. Sundling appeals his conviction and sentence for third-offense driving while under the influence of alcoholic liquor (DWI), Neb. Rev. Stat. § 60-6,196(2)(c) (Reissue 1993). For the reasons recited below, we affirm.

## FACTS

The record shows that Sundling was arraigned in the county court for Lancaster County, Nebraska, on March 23, 1994, and entered a plea of not guilty. The case was set for trial on May 31. The trial was held, and Sundling was found guilty. A presentence investigation was ordered, and Sundling was directed to return for sentencing on July 15 and for an enhancement hearing on June 9.

On June 9, an enhancement hearing was held. Over objection by Sundling's counsel, certified copies of his prior DWI convictions from the county court for Lancaster County, for which he was sentenced on July 23, 1993, were received by the court. The prior incidents occurred on December 10, 1992, and March 7, 1993. Both complaints cited Lincoln Mun. Code § 10.16.030. The county court found Sundling guilty of third-offense DWI. Sundling was sentenced to 120 days in jail and fined $500, and his driver's license was suspended for 15 years.

Sundling appealed his conviction and sentence to the district court for Lancaster County. The district court found that it was not error for the county court to receive the certified copies of Sundling's prior DWI convictions from the county court for Lancaster County. Sundling's conviction and sentence were affirmed by the district court. Sundling appeals to this court.

## ASSIGNMENTS OF ERROR

Sundling lists several assignments of error, which may be distilled into the following: It was error for the county court, as affirmed by the district court, to use DWI convictions obtained under Neb. Rev. Stat. § 39-669.07 (Cum. Supps. 1990 & 1992) to enhance the penalty for Sundling's DWI conviction under § 60-6,196.

## SCOPE OF REVIEW

The issue in this case involves a question of statutory interpretation. "Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below." *In re Estate of Holt*, 246 Neb. 50, 53, 516 N.W.2d 608, 610-11 (1994).

## ANALYSIS

Pursuant to § 60-6,196(2)(c), where a person is convicted of DWI, the penalty may be enhanced if he or she has had two or more prior convictions in the past 8 years under "this section" or under a city or village ordinance enacted pursuant to "this section." Section 60-6,196, proposed in 1993 Neb. Laws, L.B. 370, was approved by the Legislature on April 1,

1993, and thereafter signed by the Governor. Legislative Journal, 93d Leg., 1st Sess., 1307, 1388. Section 60-6,196 was previously codified at § 39-669.07 without a substantive difference in content for present purposes. Furthermore, § 60-6,196(4) reads in relevant part: "[T]he terms conviction under this section and prior conviction shall include any conviction under this section as it existed at the time of such conviction regardless of subsequent amendments to such section." At the time of Sundling's prior convictions, the DWI statutes were found in chapter 39, rather than chapter 60.

Sundling claims that prior convictions for DWI under § 39-669.07 or ordinances thereunder, before the passage of § 60-6,196, cannot be used to enhance DWI convictions under § 60-6,196 because § 60-6,196(2)(c) limits enhancement to prior convictions under "this section." Sundling argues that only prior convictions under § 60-6,196 can be used to enhance convictions under § 60-6,196(2)(c). In so arguing, Sundling relies on the statutory language noted above and on *State v. Suhr*, 207 Neb. 553, 300 N.W.2d 25 (1980). We do not agree with Sundling's argument.

In *Suhr*, the Nebraska Supreme Court found that a bad check conviction under Neb. Rev. Stat. § 28-1212 (Reissue 1975) could not be used to enhance the penalty under the newer bad check statute, Neb. Rev. Stat. § 28-611(2) (Reissue 1979). In *Suhr*, the Nebraska Supreme Court found in general that there were numerous substantive changes between the previous bad check statute and the newer bad check statute. In particular, *Suhr* makes clear that, rather than being merely a transfer or an amendment to the previous bad check statute, § 28-611 was a new section, and that the previous section, § 28-1212, had been repealed. Enhancement under § 28-611(2) by reliance on a conviction under § 28-1212 was rejected in *Suhr*, because the conviction under the older statute, § 28-1212, was defined differently and, therefore, was not a prior offense under § 28-611.

The current statutory framework for DWI does not contain changes from the prior DWI statute such as were exhibited in the bad check statutes and which precluded the previous bad check conviction from serving as a prior offense for

enhancement in *Suhr*. The current DWI statute, § 60-6,196, finds its substantive counterpart in the previous DWI statute, § 39-669.07. The relocation of the DWI provisions from chapter 39 to chapter 60 is consistent with L.B. 370, § 493, which directed the Revisor of Statutes to assign new numbers to the Nebraska Rules of the Road sections being moved into a new article in chapter 60, thus collecting the Nebraska Rules of the Road into a single location. Pursuant to L.B. 370, § 495, § 39.669.07 was thereafter repealed. It has been observed that "[c]hanges made by the Revisor of Statutes in preparing supplements and reissued or replacement volumes of the Revised Statutes, under the provisions of section 49-705, R. R. S. 1943, cannot change the substantive meaning of any statute as enacted by the Legislature." *State v. Karel*, 204 Neb. 573, 576, 284 N.W.2d 12, 14 (1979). There is no claim in the instant case that the Revisor's actions altered the meaning of the DWI statutes.

As early as 1884, the Nebraska Supreme Court stated that "where the re-enactment is in the words of the old statute, and was evidently intended to continue in force the uninterrupted operation of such statute, . . . the new act or amendment is a mere continuation of the former act, and is not in a proper sense a repeal." *State v. Wish*, 15 Neb. 448, 450-51, 19 N.W. 686, 687 (1884). It has also been stated that "[t]he rule seems to be that the simultaneous repeal and re-enactment of the statute in terms, or in substance, is a mere affirmance of the original act, and not a repeal in the strict or constitutional sense of the term." *Bauer v. State*, 99 Neb. 747, 754, 157 N.W. 968, 970 (1916). Elsewhere it has been noted that in enacting a current statute, the Legislature "is presumed to have known the preexisting law" and that the Legislature has the power to change a provision if it so desires. *Suhr*, 207 Neb. at 561, 300 N.W.2d at 29.

Based on the jurisprudence surrounding statutory interpretation recited above, we conclude that the previous DWI statute, § 39-669.07, was not repealed "in the strict or constitutional sense of the term" and that § 60-6,196 is a "mere affirmance of the original act." *Bauer, supra*. Thus, the DWI statutes continued in force "uninterrupted." *Wish, supra*.

Because there was no significant substantive change in content of the DWI statutes, we conclude that convictions under § 39-669.07 are suitable for use in enhancement proceedings under § 60-6,196(2)(c). Compare *Suhr, supra*. The foregoing logic also would permit enhancement of a second-offense DWI under § 60-6,196(2)(b) and enhancement elsewhere in the statutes such as, but not limited to, Neb. Rev. Stat. § 28-306(3)(b) and (c) (Cum. Supp. 1994) (motor vehicle homicide), in which reference to § 60-6,196 is made for the purpose of invoking prior DWI convictions for penalty enhancement purposes. See § 60-6,196(4).

## CONCLUSION

For the reasons recited above, we conclude that the enhancement of Sundling's sentence under § 60-6,196(2)(c) by use of DWI convictions under § 39-669.07 was not error, and we, therefore, affirm Sundling's conviction and sentence.

AFFIRMED.