STATE OF NEBRASKA, APPELLEE, V. BARTON L. SUNDLING,
APPELLANT.

538 N.W.2d 749

Filed October 27, 1995. No. S-94-1100.

Dennis R. Keefe, Lancaster County Public Defender, and Susan R. Tast for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Barton L. Sundling, in petitioning this court for further review of his conviction of driving while intoxicated (DUI), third offense, in violation of Neb. Rev. Stat. § 60–6,196 (Reissue 1993), claims that his two prior DUI convictions prosecuted under Neb. Rev. Stat. § 39–669.07 (Cum. Supps. 1990 & 1992) cannot be used to enhance the penalty for a DUI conviction under § 60–6,196.

We hold that § 60–6,196 is a continuance and affirmation of the previous statute § 39–669.07. Convictions under § 39–669.07 can be used for the purpose of sentence enhancements under § 60–6,196.

Therefore, we affirm the Nebraska Court of Appeals' judgment affirming Sundling's third–offense DUI conviction prosecuted under § 60–6,196.

## ASSIGNMENTS OF ERROR

Sundling claims that the Court of Appeals erred in (1) finding that § 39–669.07 was not repealed in the strict or constitutional sense of the term and that § 60–6,196 is a mere affirmance of § 39–669.07 and (2) finding that convictions under § 39–669.07

are suitable to use in enhancement proceedings under § 60–6,196.

## STANDARD OF REVIEW

The meaning of a statute is a question of law. In connection with a question of law, a reviewing court has an obligation to reach a conclusion independent of that of the inferior court. *State v. Cox*, 247 Neb. 729, 529 N.W.2d 795 (1995); *State v. Wragge*, 246 Neb. 864, 524 N.W.2d 54 (1994).

A penal statute is given a strict construction which is sensible and prevents injustice or an absurd consequence. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994).

## FACTS

On March 5, 1994, Sundling was arrested in Lincoln for DUI. Sundling had a blood alcohol content of .195. As a result of his March 5 arrest and two previous convictions, Sundling was charged with third–offense DUI under § 60–6,196.

Sundling's two previous DUI offenses entered in evidence by the State were under § 39–669.07 for incidents arising on December 10, 1992, and March 7, 1993. Sentencing for both prior convictions was held on July 23, 1993. Sundling pled no contest to both charges and for each charge was fined $250, had his driving privileges revoked for 6 months, and was sentenced to 7 days in jail.

The Lancaster County Court found Sundling guilty of third–offense DUI and sentenced him to 120 days in jail, fined him $500 plus costs, and suspended his privilege to operate a motor vehicle for 15 years after his release from jail.

Sundling appealed to the district court for Lancaster County, assigning that his two previous convictions were not admissible for purposes of enhancement under § 60–6,196. The district court affirmed the judgment of the county court.

Sundling then appealed to the Court of Appeals, assigning that the county court erred in using convictions under § 39–669.07 to enhance the penalty for Sundling's conviction under § 60–6,196. The Court of Appeals affirmed Sundling's conviction and sentence and held that because there was no significant substantive change in content, convictions under § 39–669.07 are suitable for use in enhancement proceedings

under § 60-6,196(2)(c). *State v. Sundling*, 3 Neb. App. 722, 531 N.W.2d 7 (1995).

Sundling successfully petitioned this court for further review.

## ANALYSIS

Both assigned errors address one basic issue: whether DUI convictions under § 39-669.07 are proper for sentence enhancement under § 60-6,196.

The Legislature directed the Revisor of Statutes to reassign § 39-669.07 as amended a new section number under chapter 60. 1993 Neb. Laws, L.B. 370. Pursuant to the legislative mandate, the Revisor of Statutes assigned former § 39-669.07 to § 60-6,196, effective January 1, 1994.

Sundling does not dispute that § 60-6,196 is substantively the same as § 39-669.07. The statute, under § 39-669.07 as well as the currently assigned § 60-6,196, provides that a person is guilty of a third-offense DUI if such person "has had two or more convictions under *this section*." (Emphasis supplied.)

Sundling's argument that § 60-6,196 does not allow for use of prior convictions under § 39-669.07 relies upon our holding in *State v. Suhr*, 207 Neb. 553, 300 N.W.2d 25 (1980).

In *State v. Suhr*, the defendant was charged under Neb. Rev. Stat. § 28-611(2) (Reissue 1979) with issuing a bad check, second offense. At trial, all the facts of the case were stipulated by the parties, and the defendant was found guilty as charged. On appeal, the defendant assigned that the trial court erred when it held that his 1976 misdemeanor conviction "of writing a no-account check, pursuant to Neb. Rev. Stat. § 28-1212 (Reissue 1975) (repealed 1977)," qualified as a conviction for the purpose of enhancing his sentence under § 28-611(2). 207 Neb. at 557, 300 N.W.2d at 27. We remanded the cause for resentencing and held that the Legislature, in enacting § 28-611, deleted the words " 'or if any person shall have been previously convicted,' " originally found in § 28-1212. (Emphasis omitted.) 207 Neb. at 560, 300 N.W.2d at 28. We further held that § 28-611 affirmatively declares that, for an offense to be a second or subsequent offense, there must be a prior conviction under § 28-611(1)(c) or (1)(d). Significant to our analysis is that § 28-611 is substantially different than its predecessor,

§ 28–1212. Section 28–611 essentially redefined the offense of issuing a bad check.

In the present case, the Legislature did not make a substantive departure from § 39–669.07 when ordering the Revisor of Statutes to renumber the statute. Furthermore, § 60–6,196 did not amend § 39–669.07's standard for a prior conviction. That standard was and remains two or more convictions under this section.

We have long held that the simultaneous repeal and reenactment of substantially the same statutory provisions is ordinarily construed to be an affirmation or continuation of the original provisions rather than a true repeal. When a statute has been repealed and substantially reenacted with additions or changes, the additions or changes are treated as amendments effective from the time the new statute goes into effect and not as a repeal in the strict or constitutional sense of the term. See, *Dairyland Power Co-op v. State Bd. of Equal.*, 238 Neb. 696, 472 N.W.2d 363 (1991); *Sullivan v. City of Omaha*, 146 Neb. 297, 19 N.W.2d 510 (1945); *Bauer v. State*, 99 Neb. 747, 157 N.W. 968 (1916); *State v. Wish*, 15 Neb. 448, 19 N.W. 686 (1884).

Being substantially the same as § 39–669.07, § 60,6–196 represents an amendment of the statute, renumbered by the Revisor of Statutes. As such, appropriate convictions under § 39–669.07 can be used for sentence enhancement under § 60,6–196(2)(c).

Therefore, the Court of Appeals did not err in affirming Sundling's conviction and sentence.

## CONCLUSION

Section 60,6–196 is merely an affirmation and continuance of § 39–669.07. Therefore, Sundling's earlier convictions under § 39–669.07 are applicable to sentence enhancements under § 60–6,196.

Sundling was appropriately convicted of third–offense DUI under § 60–6,196, and his conviction and sentence are affirmed.

AFFIRMED.