Lewis FALL, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Clinton MORISON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Kerry GARNICA, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Curtis Lee HUEBBE, Appellant
(Defendant),

v.

THE STATE of Wyoming,
Appellee (Plaintiff).

Nos. 97–191, 97–198, 97–259 and 97–331.

Supreme Court of Wyoming.

July 16, 1998.

Sylvia L. Hackl, State Public Defender; Donna D. Domonkos, Appellate Counsel; Stephen I. Singer,* Faculty Director of the Defender Aid Program; and Jennifer L. Hansen and Dyan J. Davidson, Student Interns, for Appellant(Defendant).

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Assistant Attorney General, for Appellee(Plaintiff).

May 18, 1998.

* Orders granting Singer's motions to withdraw as counsel on behalf of the Appellants entered on

Before LEHMAN, C.J., MACY, GOLDEN & TAYLOR**, JJ., and DAN R. PRICE II, D.J.

MACY, Justice.

These cases involve the same issue and were consolidated by this Court for oral argument and decision. Appellants Lewis Fall and Clinton Morison appeal from the judgments and sentences which the district court entered after each of them entered a conditional guilty plea to battery against a household member under WYO. STAT. § 6–2–501(b), (e), and (f)(ii) (1997). Appellants Kerry Garnica and Curtis Huebbe appeal from the judgments and sentences which the district court entered after each of them entered a conditional plea of no contest to battery against a household member under § 6–2–501(b) and (f)(ii).

We affirm.

## ISSUE

The appellants present the following issue for our review:

> Whether the district court erred in denying Appellants' motions to dismiss the charge of battery, third offense, under Wyoming Statute § 6–2–501(f)(ii) because there were no previous convictions, as required by that statute, to justify the charge.

## FACTS

Fall, Morison, and Garnica were charged with battery against a household member for battering their wives. Huebbe was charged for battering his live-in girlfriend. The appellants were charged under § 6–2–501(f)(ii) because these offenses were third or subsequent offenses, each appellant having had at least two prior battery convictions under § 6–2–501(b).

The appellants filed motions to dismiss the charges. The district court denied those motions, and the appellants entered conditional pleas, reserving their rights to appeal from the denials of their motions to dismiss. The district court sentenced all four appellants as

** Chief Justice at time of oral argument.

repeat offenders under § 6–2–501(f)(ii) and ordered them to serve varying terms in the Wyoming State Penitentiary. It suspended the prison sentences and placed the appellants on supervised probation for different lengths of time. The appellants appeal from the judgments and sentences which the district court entered after it denied their motions to dismiss.

## DISCUSSION

■ Appellee State of Wyoming contends that we should not review the appellants' issue because it was not explicitly presented to the district court for a determination. We agree that the appellants did not raise this issue with the district court. We believe, however, that this issue will present itself again in the near future and have, therefore, decided to consider it in the interest of judicial economy. *YellowBear v. State*, 874 P.2d 241, 245 (Wyo.1994).

The appellants claim that the district court erred in denying their motions to dismiss the charges against them because § 6–2–501(f)(ii) applies to defendants who have been previously convicted under subsection (f) and that none of them had been previously convicted under that particular subsection. The State responds that the plain language of § 6–2–501(f)(ii), along with the legislative intent behind the enactment of that provision, supports the district court's action.

Section 6–2–501 defines the crimes of simple assault and battery, it describes the potential punishments for those crimes, and it provides for enhanced punishments for multiple offenses against household members:

> (a) A person is guilty of simple assault if, having the present ability to do so, he unlawfully attempts to cause bodily injury to another.
>
> (b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.
>
> (c) Except as provided by subsection (e) of this section, simple assault is a misde-

meanor punishable by a fine of not more than seven hundred fifty dollars ($750.00).

(d) Except as provided by subsection (f) of this section, battery is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. Notwithstanding any other provision of law, the term of probation imposed by a judge under this subsection may exceed the maximum term of imprisonment established for the offense under this subsection provided the term of probation, together with any extension thereof, shall in no case exceed one (1) year.

(e) A household member as defined by W.S. 35–21–102 who is convicted of a second or subsequent simple assault against any other household member is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.

(f) A household member as defined by W.S. 35–21–102 who commits a second or subsequent battery against any other household member shall be punished as follows:

(i) A person convicted of a second offense under this subsection within five (5) years following the first conviction is guilty of a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both;

(ii) A person convicted of a third or subsequent offense under this subsection within ten (10) years following the first conviction is guilty of a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both.

WYO. STAT. § 6–2–501 (1997). The term "household member" is defined as:

(iv) "Household member" means:

(A) Persons married to each other;

(B) Persons living with each other as if married;

(C) Persons formerly married to each other;

(D) Persons formerly living with each other as if married;

(E) Parents and their adult children;

(F) Other adults sharing common living quarters; and

(G) Persons who are the parents of a child but who are not living with each other.

WYO. STAT. § 35–21–102(a)(iv) (1997).

■■■ To resolve this issue, this Court must interpret the language of § 6–2–501(f)(ii). We endeavor to interpret statutes in accordance with the legislature's intent. *State Department of Revenue and Taxation v. Pacificorp,* 872 P.2d 1163, 1166 (Wyo. 1994). We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia* so that no part will be inoperative or superfluous. 845 P.2d at 1042; *see also Meerscheidt v. State,* 931 P.2d 220, 223 (Wyo.1997). Courts determine as a matter of law whether a statute is clear or ambiguous. *Gunderson v. State,* 925 P.2d 1300, 1304 (Wyo.1996). If we determine that the statute is clear and unambiguous, we give effect to the plain language of the statute. *Id.*

■■■ The appellants argue that the plain language of § 6–2–501(f)(ii) creates a new crime of "battery against a household member." They maintain that the language "[a] person convicted of a third or subsequent offense under this subsection" means that, before an individual can be convicted under § 6–2–501(f)(ii), he must have previously been convicted one or more times under subsection (f). They contend that, because their previous convictions were under § 6–2–501(b), they cannot be punished under § 6–2–501(f)(ii).

If we were to accept the appellants' argument, we would be rendering § 6–2–501(f)(ii)

meaningless because we would be ignoring the fact that subsection (f) cannot be applied to a first-time offender. Under this point of view, § 6–2–501(f)(ii) could never apply because the requisite first offense could never occur. After examining § 6–2–501 as a whole, we conclude that it is not ambiguous. Subsections (a) and (b) define the crimes of simple assault and battery. Subsections (c) and (d) enumerate the potential punishments which the crimes of simple assault and battery carry for first-time offenders and for second-time or subsequent offenders when the victims are not household members. Subsections (e) and (f) enhance the punishment for individuals who commit simple assault or battery two or more times against household members.

We hold that § 6–2–501(f)(ii) applies when the accused is presently accused of battering a household member and has previously been convicted one or more times of battering a household member. The phrase "offense under this subsection" merely means that the battery offenses being used to place the most recent charge within the enhancement provision must have all been against household members. It does not, as the appellants suggest, create a new offense. This determination that § 6–2–501(f) is merely a sentence enhancement provision rather than being a new independent "battery against a household member" offense is supported by the introductory paragraph of the assault and battery—domestic violence act: "AN ACT relating to crimes and offenses; *providing enhanced penalties for assault and battery against household members;* providing for an effective date." 1996 Wyo. Sess. Laws ch. 91 at 291 (emphasis added).

Because all the previous convictions were for battering household members, the appellants were properly charged under § 6–2–501(f)(ii). The district court, therefore, did not err when it denied the appellants' motions to dismiss.

Affirmed.