**Tyrone Gerald DEMEULENAERE, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 99–107.

Supreme Court of Wyoming.

Jan. 26, 2000.

ecution Assistance Program; and Devon O'Connell Coleman, Student Director. Argument presented by Ms. Coleman.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

This matter comes before the Court as a question certified to us by the district court for resolution under W.R.A.P. 11. The appellant is Tyrone Gerald Demeulenaere (appellant) and the appellee is the State of Wyoming (State). As rephrased by this Court, the question to be decided is:

> Whether justice court convictions for possession of a controlled substance [under Wyo. Stat. § 35–7–1031(c) as that statute existed between 1985 and 1995] before the statute was amended can be used to enhance the penalty for possession of a controlled substance in District Court under [Wyo. Stat.] § 35–7–1031(c)[ (i) (Michie 1998 Supp.) ]?

We answer the certified question in the affirmative and remand to the district court for proceedings consistent with this opinion.

## FACTS

In accordance with W.R.A.P. 11.03(b), the district court provided this statement of all facts relevant to the question certified:

> THIS MATTER came before the Court for arraignment on February 19, 1999. The defendant was charged by information in Teton County Justice Court with, among other things, possession of a controlled substance, in violation of W.S. § 35–7–103(c)(i)(C). In the information in Justice Court and in District Court, the defendant was given notice that he is subject to enhanced penalties on a conviction of possession of a controlled substance, as is provided under § 35–7–1031(c)(i) in that the defendant had three separate prior convictions for possession of a controlled substance in Teton County Justice Court on June 3, 1993, June 17, 1993, September 23, 1993 and September 1, 1994. After a preliminary hearing the defendant was bound over to stand trial in District Court.

Representing Appellant: Sylvia Lee Hackl, State Public Defender; Donna D. Domonkos, Appellant Counsel; and Ryan R. Roden, Assistant Appellate Counsel. Argument presented by Mr. Roden.

Representing Appellee: Gay Woodhouse, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Robin Sessions Cooley; Senior Assistant Attorney General; Theodore E. Lauer, Director, Pros-

During the arraignment in District Court, the defendant indicated that he should not be subject to the enhanced penalty for the reason that § 35-7-1031(c)(i) provides that '[a]ny person convicted for a third or subsequent offense under this paragraph shall be imprisoned for a term not more than five (5) years, fined not more than five thousand dollars ($5,000.00), or both.' The defendant argued that § 35-7-1031(c)(i) has been amended since the defendant's original convictions in Justice Court: therefore, the defendant has never been convicted 'under this paragraph' as alleged in the information. The undisputed facts are that Demeulenaere was convicted of possession of a controlled substance before the statute·was amended.

## APPLICABLE STATUTORY PROVISIONS

At the time of his 1993 and 1994 convictions, Wyo. Stat. § 35-7-1031(c) (Michie 1988) provided:

(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this act. Any person who violates this subsection is guilty of a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. Any person convicted for a third or subsequent offense under this subsection shall be imprisoned in the state penitentiary for not more than five (5) years, fined not more than five thousand dollars ($5,000.00), or both.

As applicable to the offense that is the subject of this certified question, Wyo. Stat. Ann. § 35-7-1031(c) (LEXIS 1999) now provides, in pertinent part:

(c) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to a valid prescription or order of a practitioner while acting in the course of his profession-

al practice, or except as otherwise authorized by this act. Any person who violates this subsection:

(i) And has in his possession a controlled substance in the amount set forth in this paragraph is guilty of a misdemeanor punishable by imprisonment for not more than twelve (12) months, a fine of not more than one thousand dollars ($1,000.00), or both. Any person convicted for a third or subsequent offense under this paragraph shall be imprisoned for a term not more than five (5) years, fined not more than five thousand dollars ($5,000.00), or both.

## DISCUSSION

The gist of the appellant's argument is that any enhancement of the penalty for a third or subsequent conviction of possession of a controlled substance must be premised on convictions for possession of a controlled substance obtained under the most recent amendments to § 35-7-1031(c). The conclusion the appellant asks us to reach is that his 1993 and 1994 convictions may not serve to enhance his penalty because they were not obtained under the most recent version of that statute. Continuing, the appellant contends that if the Court adheres to its well-established principles of statutory construction and governing case law, we are required to answer the question in the negative, i.e., in a manner favoring the appellant.

In response, the State contends that those same principles of statutory construction and governing case law require that we conclude that convictions for possession of controlled substances, such as those obtained against the appellant in 1993 and 1994, can serve to enhance punishment under the most recent version of § 35-7-1031(c).

## STANDARD OF REVIEW

The fundamental purpose of statutory construction is to ascertain, if possible, what the legislature intended by the language it used. We begin with an inquiry into the ordinary and obvious meaning of the words employed by the legislature, according to the manner in which those words are arranged. *Farmer v. Department of Trans-*

*portation,* 986 P.2d 165, 166 (Wyo.1999). If the legislative pronouncements are written in unambiguous terms, then we are bound by those words. Moreover, we construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in *pari materia. Vineyard v. Jenkins,* 983 P.2d 1234, 1235 (Wyo.1999).

Appellant relies in significant part on our holding in *State ex rel. Motor Vehicle Division v. Holtz,* 674 P.2d 732, 741–742 (Wyo. 1983), where we held that Wyo. Stat. §§ 31–5–233(e) and 31–7–127, as they were formulated at that time, would not permit the courts or the Motor Vehicle Division to rely on "driving while under the influence" (DWUI) convictions from other jurisdictions, or convictions had under a municipal ordinance, for the purpose of enhancing the penalty for that offense. The basis for that holding was that those statutes were unambiguous in providing that only convictions resulting from a violation of § 31–5–233 were to be considered in enhancement of penalty or revocation of a driver's license. Although instructive in the consideration of the issues raised in this matter, that case is not dispositive because in the *Holtz* case it was unambiguous that only convictions under the DWUI statute could be considered for enhancement of penalty. That statute has been revised a dozen times over the last 20 years, and the legislature appears to have remedied the flaw we identified in the *Holtz* case. In this case, the State does not seek to use prior convictions that are external to the statute. The question here is whether the amended statute's reference to prior convictions can include convictions obtained under a prior version of that statute.

The State's argument relies in significant part on our holding in *Fall v. State,* 963 P.2d 981 (Wyo.1998). That case is also instructive here, but as with *Holtz,* it is not dispositive. In *Fall,* we held that adoption of the appellants' statutory construction argument would have rendered meaningless the statute at issue there. 963 P.2d at 983–84. In the instant case, that principle of statutory construction is not directly applicable because if we were to adopt this appellant's argument, it would not have the effect of rendering the statute meaningless.

■ Appellant also contends that our construction of § 35–7–1031(c)(i) must be tempered by the general rule that ambiguity in penal statutes must be resolved in favor of lenity. *Meerscheidt v. State,* 931 P.2d 220, 224, (Wyo.1997). That rule, of course, presupposes the existence of ambiguity. *Matter of ALJ,* 836 P.2d 307, 310 (Wyo.1992). Since our holding will be that there is no ambiguity insofar as this case is concerned, that principle of statutory construction does not apply.

■ A comparison of § 35–7–1031 as it existed prior to 1995, and its current form, reveals that the amendments enacted in 1995 served principally to more clearly distinguish mere possession of a controlled substance from possession of a controlled substance with intent to deliver. In 1993 and 1994, it is possible that appellant could have been charged with possession with intent to deliver no matter how much (or little) of a listed controlled substance he possessed. After the 1995 amendment, possession of a controlled substance is the only appropriate criminal charge if the amount possessed is less than the amount set out in § 35–7–1031(c)(i)(A), (B), (C), (D), (E), and (F). Thus, the amendment to the statute favors the appellant in that sense. Moreover, it is apparent that all of appellant's prior convictions would be as valid under the revised statute as they were in 1993 and 1994. In all other respects, § 35–7–1031(c)(i), as it currently appears, is substantively identical to the preceding version of that statute, except that the words have been arranged into a paragraph and subparagraph, rather than a single paragraph. *See State v. Sundling,* 248 Neb. 732, 538 N.W.2d 749, 751–52 (1995). Thus, we find no ambiguity in the statute. The legislative intent is clear that prior convictions under the earlier version of § 35–7–1031(c) may be used to enhance the penalty under its current version.

## CONCLUSION

Based on the reasoning set out above, we answer the certified question in the affirmative and remand this matter to the district court for trial of the appellant as currently charged.