Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/15/2017 05:13 PM CDT

State of Nebraska, appellee, v.
Judson L. Sack, appellant.
___ N.W.2d ___

Filed May 23, 2017.    No. A-16-851.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
2. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

Appeal from the District Court for Madison County: Mark A. Johnson, Judge. Affirmed.

Chelsey R. Hartner, Chief Deputy Madison County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

Moore, Chief Judge, and Inbody and Bishop, Judges.

Moore, Chief Judge.

INTRODUCTION

Judson L. Sack appeals from his plea-based conviction in the district court for Madison County for theft by shoplifting, third offense. Sack challenges the district court's use of two prior convictions for enhancement purposes. Finding no error, we affirm.

## BACKGROUND

In June 2016, Sack was charged by information with theft by shoplifting ($500 or less), third offense, a Class IV felony. The offense occurred on March 5, 2016, after the effective date of 2015 Neb. Laws, L.B. 605, which changed the grading of theft. Sack filed a plea in abatement, arguing that his two prior convictions occurred before L.B. 605 modified the maximum value of theft from $200 to $500, see Neb. Rev. Stat. § 28-518(4) (Cum. Supp. 2014 & Reissue 2016), and therefore could not be used to enhance the current offense. The district court overruled the plea in abatement, and thereafter, Sack entered a plea of no contest to the charge pursuant to a plea agreement in which the parties agreed that if the court found that Sack had two prior convictions which were suitable for enhancement, the State would recommend a sentence of 1 year.

On August 9, 2016, an enhancement and sentencing hearing was held. The State offered into evidence two prior convictions of theft by shoplifting of goods worth less than $200 in 2009 and 2013. Sack again challenged the use of these prior convictions. The district court found the prior convictions to be suitable for enhancement under § 28-518(6) (Reissue 2016) and found Sack guilty of theft by shoplifting, third offense, a Class IV felony. Sack was sentenced to imprisonment for a determinate term of 1 year with the Nebraska Department of Correctional Services.

## ASSIGNMENT OF ERROR

Sack assigns that the district court erred in enhancing his conviction to a third offense.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Chacon*, 296 Neb. 203, ___ N.W.2d ___ (2017).

## ANALYSIS

Sack argues that his two prior convictions occurred before the effective date of L.B. 605, which amended § 28-518(4), and thus were not suitable for enhancement.

Prior to the amendments contained in L.B. 605, § 28-518(4) (Cum. Supp. 2014) provided that theft constituted a Class II misdemeanor when the value of the thing involved was $200 or less. Following the amendments, § 28-518(4) (Reissue 2016) now provides that theft constitutes a Class II misdemeanor when the value is $500 or less. Section 28-518(6) provides that for any third or subsequent conviction under subsection (4), the person so offending shall be guilty of a Class IV felony. Subsection (6) remained unchanged following L.B. 605.

Sack does not contest that he was twice previously convicted under the prior version of § 28-518(4); rather, he argues that the value range change enacted by L.B. 605 modified the subsection so significantly that a conviction under subsection (4) as it existed prior to the amendment cannot be considered to be a conviction under subsection (4) of the present statute. We disagree.

[2] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Chacon, supra.* The plain language of § 28-518(6), which did not change, makes a third theft conviction under § 28-518(4) a Class IV felony.

Sack relies upon the cases of *State v. Suhr*, 207 Neb. 553, 300 N.W.2d 25 (1980), and *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749 (1995), in support of his argument. In *Suhr*, the defendant was convicted of issuing a bad check under Neb. Rev. Stat. § 28-611 (Reissue 1979). On appeal, the defendant assigned error to the trial court's use of a prior conviction for writing a no-account check, under the predecessor statute, Neb. Rev. Stat. § 28-1212 (Reissue 1975), for purposes of enhancing his sentence in the later charge. The Supreme Court

agreed, finding that the language of the new statute was substantially different than its predecessor and essentially redefined the offense of issuing a bad check. The court also noted that § 28-611 affirmatively declared that for an offense to be a second or subsequent offense, it must be a prior conviction under § 28-611 (not § 28-1212).

This case is distinguishable from *State v. Suhr, supra*. First, while the grade of the offense was amended in § 28-518(4) by changing the maximum value for a Class II misdemeanor from $200 to $500, there was not a substantial difference in the language of the amended statute or a redefinition of the offense of theft by shoplifting contained in Neb. Rev. Stat. § 28-511.01 (Reissue 2016). Second, the language of § 28-518(6) was not amended to affirmatively declare that for an offense to be a third or subsequent conviction, it had to be under subsection (4) as amended.

*State v. Sundling, supra*, supports the decision of the district court in the present case. In *Sundling*, the court found that the statutory amendments to the driving while intoxicated statutes from chapter 39 to chapter 60 did not preclude use of prior convictions under chapter 39 for sentence enhancement of convictions under chapter 60. In reaching this conclusion, the court noted that there was not a substantive departure from Neb. Rev. Stat. § 39-669.07 (Cum. Supps. 1990 & 1992) when the statute was renumbered to Neb. Rev. Stat. § 60-6,196 (Reissue 1993). The court further noted that the same standard remained for enhancement as each statute provided that a person is guilty of driving while intoxicated, third offense, if such person "'has had two or more convictions under *this section*.' (Emphasis supplied.)" *State v. Sundling*, 248 Neb. at 735, 538 N.W.2d at 751. The same rationale is present in the instant case as § 28-518(6) provides that a person is guilty of a Class IV felony for "any third or subsequent conviction under subsection (4) of *this section*." (Emphasis supplied.)

We conclude that the district court did not err in finding that Sack's two prior convictions under § 28-518(4) were

suitable to use for enhancement to a third offense under § 28-518(6). And, as noted by the district court, the amendment to § 28-518(4) was of no import as applied to this case, because Sack's prior convictions would have been classified under this subsection under either the old or the new version of the statute; the change in value made no difference.

## CONCLUSION

The district court did not err in enhancing Sack's conviction of theft by shoplifting to a third offense as a result of his two prior convictions under § 28-518(4), which convictions occurred prior to the amendment to that section.

Affirmed.