2007 WY 122

**Jason Wayne CRAIG, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–30.

Supreme Court of Wyoming.

Aug. 2, 2007.

Pauling, Senior Assistant Attorney General; Eric A. Johnson, Faculty Director, Geoffrey Gunnerson, Student Director, and Edward K. Britzius, Student Intern, of the Prosecution Assistance Program. Argument by Mr. Britzius.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

■ Jason Craig pled guilty pursuant to a plea agreement to one count of battery[1] against a household member. The district court sentenced Craig to 30 to 36 months imprisonment based on a finding that this was Craig's third domestic violence conviction. On appeal, Craig challenges the voluntariness of his guilty plea and the legality of the district court's sentencing decision. We affirm.

## ISSUES

[¶ 2] Craig raises the following issues:

I. Whether Appellant was denied his Sixth Amendment right to a trial by jury when the district court made the factual determination that Appellant's two previous convictions were assaults on household members.

II. Whether Appellant entered a knowing and voluntary guilty plea.

## FACTS

■ On February 15, 2005, Craig struck his wife multiple times in the face. Craig then grabbed a broom and proceeded to hit her with the handle until she fell to the floor, at which time he then kicked her several times. During the attack, Mrs. Craig suffered a cut lip and bruising to her face, left leg, and left hand. Mrs. Craig reported to the police officers responding to the scene that the physical abuse had been ongoing for some time and provided details of an assault that had occurred approximately two weeks earlier, during which Craig had struck her on the head with a wooden mallet.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel. Argument by Ms. Domonkos.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael

---

1. The court documents, the district court, and the parties consistently refer to the charge generically as "assault and battery."

The State charged Craig with two counts of battery against a household member in violation of Wyo. Stat. Ann. § 6-2-501(b) and (f)(ii) (LexisNexis 2007), both felonies.[2] The charging documents alleged that Craig had two prior battery convictions involving a household member within the previous ten years. The parties ultimately reached a plea agreement, wherein Craig agreed to plead guilty to Count II in exchange for the State's dismissal of Count I.[3] The plea agreement set a three-year cap on sentencing in the event the offense was found to be Craig's third domestic violence conviction within ten years, and reserved to Craig the right to challenge the nature of the prior offenses and the applicability of the felony enhancement at sentencing.

At the change of plea hearing, as an initial matter, Craig disputed whether the two prior convictions qualified as predicate offenses under the felony sentence enhancement provision of § 6-2-501(f)(ii). The district court determined that both convictions could be used as a basis for enhancement so long as the State proved beyond a reasonable doubt that they were committed against a member of Craig's household. The parties agreed that the issue should be resolved by the district court at the sentencing hearing.

[¶ 6] The district court then addressed Craig personally and advised him of his rights under W.R.Cr.P. 11, including the right to a jury trial on the charged offenses, and the rights he would be waiving by pleading guilty. Craig stated that he understood the court's advisement. Craig then pled guilty to Count II, admitting to battering his wife. The district court found that the plea was knowingly and voluntarily entered with full awareness of the potential consequences.

[¶ 7] At the sentencing hearing, the district court heard evidence that Craig's prior battery convictions involved a household member. The district court concluded sufficient evidence existed that this was Craig's third conviction of assault and battery against a household member and sentenced him in accordance with the plea agreement. This appeal followed.

## DISCUSSION

### Voluntariness of guilty plea

[¶ 8] We first address Craig's challenge to the voluntariness of his guilty plea. Claims regarding the voluntariness of a guilty plea are reviewed *de novo*. *Maes v. State*, 2005 WY 70, ¶ 9, 114 P.3d 708, 710 (Wyo.2005); *Van Haele v. State*, 2004 WY 59, ¶ 12, 90 P.3d 708, 711 (Wyo.2004). We examine the procedure utilized to accept a guilty plea as a whole to determine if the trial court "sufficiently described the nature of the

---

**2.** § 6-2-501 provides in relevant part:

(b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.
\* \* \* \*
(d) Except as provided by subsection (f) of this section, battery is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. . . .
\* \* \* \*
(f) A household member as defined by W.S. 35-21-102 who commits a second or subsequent battery against any other household member shall be punished as follows:
(i) A person convicted upon a plea of guilty or no contest or found guilty of a second offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6-2-501(a), (b), (e) or (f), 6-2-502, 6-2-503, 6-2-504 or other substantially similar law of this or any other

state, tribe or territory against any other household member within the previous five (5) years is guilty of a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both. . . .
(ii) A person convicted upon a plea of guilty or no contest or found guilty of a third or subsequent offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6-2-501(a), (b), (e) or (f), 6-2-502, 6-2-503, 6-2-504 or other substantially similar law of this or any other state, tribe or territory against any other household member within the previous ten (10) years is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than two thousand dollars ($2,000.00), or both.

**3.** Count I was based on the incident that took place in early February, while Count II involved the incident which occurred on February 15, 2005.

charges, including the possible penalties; informed the defendant of the right to representation; informed the defendant of the rights waived by a guilty plea; and obtained a factual basis for the plea." Id. These procedural requirements are intended to assure that the defendant is not misled into an unintentional waiver of substantial rights. *Reyna v. State*, 2001 WY 105, ¶ 9, 33 P.3d 1129, 1132 (Wyo.2001); *McCarty v. State*, 883 P.2d 367, 372 (Wyo.1994). A guilty plea will stand where the totality of the circumstances demonstrates that the defendant made a voluntary and intelligent choice to plead guilty from alternative courses of action available to him and understood the consequences of his plea. *Maes*, ¶ 9, 114 P.3d at 710.

[■] Craig contends he was never accurately advised of the nature of his plea. Specifically, Craig contends he was never adequately advised of the minimum and maximum penalties for his crime and, as a consequence, did not know whether he was pleading guilty to a misdemeanor or felony. The charging Information, however, was quite clear. Craig pled guilty to Count II, which was felony battery against a household member. At the change of plea hearing, the district court ensured Craig's understanding of the charge against him:

THE COURT: Have you reviewed the Information that's been filed in this matter?

[CRAIG]: Yes, Your Honor, I have.

\* \* \* \*

THE COURT: Now, this Information contains originally two counts. And the proposal is a potential guilty plea to Count Two, which is a charge of assault and battery on an alleged household member. Do you understand that?

[CRAIG]: Yes, sir, I do.

THE COURT: And this is alleged to have occurred in February 15th of this year in Natrona County.

[¶ 10] The unusual aspect of this case, and seemingly what Craig is objecting to on appeal, is that a process was adopted whereby the State would present evidence at the sentencing hearing establishing that this was Craig's third battery conviction against a

household member. In the event the State was unable to meet its burden of proof beyond a reasonable doubt, then the felony charge would be reduced to a misdemeanor. Craig's objection is not well-taken, however, since he knowingly and voluntarily agreed to this process:

THE COURT: ... The State is reserving the right to argue that you had been previously convicted at least twice of assault and battery on household members. If they are able to prove that, that would make this a felony with a potential penalty of a five-year prison sentence.

Do you understand that?

[CRAIG]: Yes, sir, I do.

THE COURT: And do you understand that they reserve the right to argue these facts at sentencing?

[CRAIG]: Yes, sir, I do.

THE COURT: And I have ruled they may present evidence on that. If they cannot present evidence on that, if they cannot bear their burden of establishing those facts, then this would be a misdemeanor.

[CRAIG]: Yes, sir, I do understand that.

THE COURT: And that, again, is the agreement of all parties; is that correct?

[PROSECUTOR]: Yes, sir.

[DEFENSE COUNSEL]: Yes, sir.

[¶ 11] Later in the hearing, the district court again addressed the potential consequences of Craig's guilty plea, to Craig's satisfaction:

[CRAIG]: ... I am kind of a little at a loss of what is actually going on at the moment.

THE COURT: Okay. Well, let me see if I can explain it, and [Defense Counsel] can clarify it or you can confer with him if you need to.

The parties have agreed, and my understanding is with your consent, that you'll be pleading guilty this morning.

[CRAIG]: Correct.

THE COURT: There will be a sentencing hearing at a later date, in approximately 45 to 60 days. It will be a more lengthy hearing than we normally have in these matters. And at that hearing, the State will present evidence that you have been

previously convicted of assault [sic] on a household member, as that term is defined in Wyoming Statutes.

[CRAIG]: Okay.

THE COURT: [Defense Counsel] has the right, on your behalf, to dispute that and to present any contrary evidence if you wish to do that.

At the conclusion of that hearing, I will decide whether the State has proven beyond a reasonable doubt that those earlier convictions involved a household member. If I find that they have proven that, then this would be treated as a felony; and you'll be sentenced accordingly, with the agreed-upon—

[CRAIG]: Okay. I understand, Your Honor.

THE COURT: You would receive not more than three years. If I find that they have not met that burden, then you'll be sentenced as a misdemeanor.

[CRAIG]: Okay, Your Honor. I understand that.

THE COURT: Have I correctly set forth the plea agreement?

[CRAIG]: Yes, sir, Your Honor.

* * * *

THE COURT: Do you wish to go forward under those conditions?

[CRAIG]: Yes, sir.

[¶ 12] From the above colloquy, we cannot agree with Craig's contention that his guilty plea was not knowing and voluntary. The charge against him was clear. The district court explained to Craig several times the ramifications should he enter a guilty plea. Each time, Craig acknowledged his understanding of what the district court was telling him. We find Craig intelligently, knowingly and voluntarily pled guilty with full awareness of the possible consequences.

*Sentencing procedure*

 [¶ 13] On appeal, Craig objects to the sentencing procedure because he believes it violated his Sixth Amendment right to a jury trial under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (any fact that enhances a sentence beyond the statutory maximum, except the

fact of a prior conviction, must be decided by a jury). Even should these circumstances fall within tenets of *Apprendi,* the right to a jury trial, as critical and fundamental as it is, can be waived. *Blakely v. Washington,* 542 U.S. 296, 310, 124 S.Ct. 2531, 2541, 159 L.Ed.2d 403 (2004); *Van Riper v. State,* 882 P.2d 230, 236 (Wyo.1994).

[¶ 14] We find that Craig knowingly and intelligently waived his right to a jury determination of the facts underlying his prior assault and battery convictions. During the change of plea hearing, Craig was expressly informed of his right to a jury trial. Early in the change of plea proceeding, the district court recommended that Craig persist in his plea of not guilty and take the case to trial. Craig, through counsel, declined. Later, pursuant to W.R.Cr.P. 11, the district court properly advised Craig of his right to a jury trial.

[¶ 15] Most pointedly, as noted in the above colloquy, the district court plainly advised Craig that, at sentencing, it would be receiving evidence and making the ultimate determination as to whether his prior convictions were against household members. Craig indicated his understanding and agreement to this process. Reading the change of plea hearing transcript as a whole, we find Craig was given multiple opportunities to exercise his right to a jury trial. In the end, Craig affirmatively agreed to bypass the jury and let the judge be the fact-finder.

**CONCLUSION**

[¶ 16] We find no ambiguity with the charge to which Craig pled guilty. The district court very thoroughly explained Craig's rights and the process ultimately followed in determining his guilt and sentence. Craig expressly agreed to the process employed, after affirmatively acknowledging his understanding of the same. Craig's guilty plea was knowing and voluntary and the sentencing procedure was conducted in accordance with the parties' agreement. Affirmed.