2010 WY 84
**Ronald Andrew ROMERO,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

No. S–09–0210.

Supreme Court of Wyoming.

June 24, 2010.

Rehearing Denied July 20, 2010.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; John S. Burbridge, Senior Assistant Attorney General; D. Michael Pauling, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Ronald Romero challenges the sentence he received after being convicted on a felony charge of a third battery against a household member.   He claims the State failed to prove that one of his prior convictions was against a household member.   Satisfied that the proof was sufficient, we will affirm Mr. Romero's sentence.

## ISSUE

[¶ 2]   Mr. Romero presents one issue: "Did the State prove that Mr. Romero was subject to felony punishment under Wyo. Stat. Ann. § 6–2–501(f)(ii)?"

## FACTS

[¶ 3]   On March 3, 2009, a jury found Mr. Romero guilty of battery against a household member.   Following a procedure previously agreed to by the parties, the district court dismissed the jury, then allowed the State to present evidence of two of Mr. Romero's prior convictions.   The State offered Exhibit 15, which was an authenticated copy of a Judgment and Sentence entered against Mr. Romero in 2007, and Exhibit 16, an authenticated copy of an Amended Judgment and Sentence entered against Mr. Romero in 2000.   Mr. Romero offered no objection, and the district court received Exhibits 15 and 16 into evidence "for purposes of sentencing."   The district court then ordered the preparation of a Presentence Investigation Report for Mr. Romero.

[¶ 4]   At the sentencing hearing, Mr. Romero's defense counsel indicated that they had received and reviewed the Presentence Investigation Report, and had a single objection.   The Report indicated that Mr. Romero had been convicted of misdemeanor harassment in 2003.   Mr. Romero contended that this charge had been dismissed, and did not result in a conviction.   The district court

agreed to disregard that information. Defense counsel stated that Mr. Romero had "no material corrections to make" to any of the other information contained in the Report. After Mr. Romero offered several witnesses who spoke on his behalf, the district court, at Mr. Romero's request, continued the sentencing hearing to allow Mr. Romero an opportunity to complete his efforts to gain acceptance into a community corrections or alcohol treatment program.

[¶ 5] When the sentencing hearing was later reconvened, the district court heard from the victim, and from Mr. Romero himself. The district court stated, however, that its "focus" in sentencing would be "on the information that has come out through the Presentence Investigation Report." Mr. Romero made no objection. The district court then pronounced that, "With regard to the charge of battery, third offense domestic, under Wyoming Statute 6–2–501(b)(f)(ii), I will impose a sentence of not less than three, nor more than five years of confinement by the Wyoming Department of Corrections." Mr. Romero has appealed that sentencing decision.

### STANDARD OF REVIEW

[¶ 6] Mr. Romero's issue is best characterized as a challenge to the sufficiency of the evidence.

When we review a criminal conviction for sufficiency of the evidence, we view facts in the light most favorable to the State. *Downs v. State*, 581 P.2d 610, 614 (Wyo. 1978). We leave out any conflicting evidence of the defendant, and draw every reasonable inference in the State's favor. *Id.* The question we must answer is whether a reasonable and rational jury could have convicted the defendant of the crime based upon the evidence that was presented at trial. *Horn v. State*, 554 P.2d 1141, 1145 (Wyo.1976).

*Guy v. State*, 2008 WY 56, ¶ 37, 184 P.3d 687, 698 (Wyo.2008). We apply the same standard to a decision made by the court rather than a jury. *Fitzgerald v. State*, 599 P.2d 572, 574

(Wyo.1979) ("The function of the finder of fact in cases tried to a court is identical to that in cases tried to juries, and the same rules are applicable with respect to the standards and principles applied in appellate review.").

### DISCUSSION

[¶ 7] Wyo. Stat. Ann. § 6–2–501 (LexisNexis 2007) provided,[1] in pertinent part:

(b) A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another....

(f) A household member as defined by W.S. 35–21–102 who commits a second or subsequent battery against any other household member shall be punished as follows: ...

(ii) A person convicted upon a plea of guilty or no contest or found guilty of a third or subsequent offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) or (f), 6–2–502, 6–2–503, 6–2–504 or other substantially similar law of this or any other state, tribe or territory against any other household member within the previous ten (10) years is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than two thousand dollars ($2,000.00), or both.

The term "household member" is defined in Wyo. Stat. Ann. § 35–21–102(a)(iv) to include:

(A) Persons married to each other;

(B) Persons living with each other as if married;

(C) Persons formerly married to each other;

(D) Persons formerly living with each other as if married;

(E) Parents and their adult children;

1. The Wyoming legislature amended this statute during its 2009 session, but in ways that do not affect this appeal. *See* 2009 Wyo. Sess. Laws ch. 124.

(F) Other adults sharing common living quarters;

(G) Persons who are the parents of a child but who are not living with each other; and

(H) Persons who are in, or have been in, a dating relationship.

[¶ 8] Mr. Romero was charged under Wyo. Stat. Ann. § 6–2–501(b) and (f)(ii), which applies only to third or subsequent convictions of battery (or other specified crime) against a household member. *Fall v. State*, 963 P.2d 981, 984 (Wyo.1998). We have recognized that this statute does not create a new offense, but is merely a sentence enhancement provision. *Id.; Spinner v. State*, 2003 WY 106, ¶ 28, 75 P.3d 1016, 1027 (Wyo.2003). Accordingly, Mr. Romero's prior crimes against household members were not elements of the crime to be proved at trial, but instead facts to be considered by the district court when sentencing Mr. Romero. *Fall*, 963 P.2d at 984.[2]

[¶ 9] To document Mr. Romero's prior crimes against household members, the State entered Exhibits 15 and 16 into evidence. Mr. Romero made no objection to either exhibit. Exhibit 15 established that Mr. Romero was convicted of battery in 2007. Mr. Romero concedes that the text of this exhibit proves that the victim of his battery was a household member. Exhibit 16 established that Mr. Romero was convicted of battery and aggravated assault in 2000. Mr. Romero contends that Exhibit 16 does not prove that the victim was a household member.

[¶ 10] Our review of Exhibit 16 confirms that it does not explicitly show that the victim of his crimes in 2000 was a household member. It states that Mr. Romero was convicted of battery and "Aggravated Assault on a Pregnant Woman." However, it does not identify the pregnant woman. It does not say that she was a household member, and it does not contain any other facts from which that determination could be made explicitly.

[¶ 11] Under the applicable standard of review, however, we must draw every reasonable inference in the State's favor. The State asserts that Exhibit 16 is sufficient, under this standard, to establish that the pregnant victim was a household member. The State points out that Exhibit 16 includes as a condition of probation that Mr. Romero "shall not live with [A.G.], until it is deemed appropriate by his counselor and his probation agent." According to the State, this information gives rise to an inference that Mr. Romero had been living with A.G. prior to his conviction, and thus, that A.G. was a household member. Similarly, the State points out that Exhibit 16 ordered Mr. Romero to "attend the Batterer's Re-education program and follow all recommendations." According to the State, this information gives rise to an inference that Mr. Romero had engaged in domestic violence.

[¶ 12] If our review were limited solely to the contents of Exhibit 16, we would question whether the evidence was sufficient to establish that the conviction reflected in Exhibit 16 involved a household member. The document does not identify A.G. as the victim of the crime, and it does not indicate that the "Batterer's Re-education program" was limited to those convicted of battering a household member. Exhibit 16 is not, however, the only evidence relied upon by the State.

[¶ 13] The State contends that, even if Exhibit 16 is insufficient, the information contained in Mr. Romero's Presentence Investigation Report is adequate to demonstrate that the victim of Mr. Romero's 2000 crime was a household member. That Report plainly states that the "current/pending offense of Battery—Domestic Violence is the

---

**2.** Mr. Romero has never claimed, either at trial or on appeal, that the jury, rather than the district court, should have determined if the victims of his prior crimes were household members. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) ("[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). As we have noted before, however, "Even should these circumstances fall within tenets of *Apprendi*, the right to a jury trial, as critical and fundamental as it is, can be waived." *Craig v. State*, 2007 WY 122, ¶ 13, 163 P.3d 828, 832 (Wyo.2007). Because Mr. Romero has never raised this issue, we will not consider it.

third type of charge in the Defendant's history." It confirms that A.G. was the victim of Mr. Romero's crime, that she is the mother of his child, and that the program Mr. Romero was ordered to participate in was the "Family Violence/Batterer's ReEducation Program." This information, together with Exhibit 16, is sufficient to establish that the victim of Mr. Romero's 2000 crime was a household member. The remaining question, though, is whether the district court could properly rely on this information from the Presentence Investigation Report.

[¶ 14] Mr. Romero's primary challenge to the district court's reliance on the information from the Presentence Investigation Report is based on our recent decision in *Duke v. State,* 2009 WY 74, ¶ 21, 209 P.3d 563, 571 (Wyo.2009). In that case, we held that the preparer of a Presentence Investigation Report is not an agent of the prosecution, but an agent of the court. "Because the presentence report was not prepared and submitted by an agent of the prosecution," Mr. Romero contends, "it cannot be considered as evidence to meet the prosecution's burden of proving the [sentence] enhancement elements."

[¶ 15] We are not persuaded by this argument. There are established procedures to ensure that a district court will rely only on accurate and reliable information from a Presentence Investigation Report. W.R.Cr.P. 32(a)(3)(A) requires that, "At least 10 days before imposing sentence, unless this minimum period is waived by the defendant, the court shall provide the defendant and the defendant's counsel with a copy of the report of the presentence investigation." This rule also requires that, "The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." Rule 32(a)(3)(C) further specifies that:

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the

report or part thereof, the court shall, as to each matter controverted, make:

> (i) A finding as to the allegation; or
>
> (ii) A determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to penal institutions.

We have explained the workings of these provisions (or their predecessors) as follows:

> In *Christy* [*v. State*], 731 P.2d [1204,] 1207–08 [ (Wyo.1987) ], we determined that the trial court may consider "filed reports and information" at sentencing, so long as the defendant is given the opportunity "to deny, dispute, or disprove." Two years later, in *Smallwood* [*v. State*], 771 P.2d [798,] 802 [ (Wyo.1989) ], we described this as "an opportunity to rebut pre-sentence information which is materially false or which furnishes invalid premises for the sentence which the judge is imposing." In *Clouse* [*v. State*], 776 P.2d [1011,] 1015 [ (Wyo.1989) ], we made clear that it is the defendant's obligation to object to any sentencing information he contends is inaccurate.

*Bitz v. State,* 2003 WY 140, ¶ 14, 78 P.3d 257, 260 (Wyo.2003).

[¶ 16] Because these procedures provide the defendant a full and fair opportunity to respond to the information contained in a Presentence Investigation Report, they help to ensure that the district court will not base sentencing decisions on faulty information. Accordingly, we have "specifically determine[d] that filed [presentence investigation] reports and information are evidence for the exercise of sentencing discretion, subject only to the rights of the convicted individual to deny, dispute or disprove." *Christy,* 731 P.2d at 1207–08.

[¶ 17] The record establishes that Mr. Romero was afforded an opportunity to deny, dispute, or disprove the information contained in his Presentence Investigation Report. He took advantage of that opportunity, and denied one reported conviction. The

district court stated that it would not rely on that information in making its sentencing decision. Mr. Romero never disputed the information from the Presentence Investigation Report establishing that the victim in his battery and aggravated assault conviction was a household member. Even now, on appeal, he does not claim that this evidence is false.

[¶ 18] In previous decisions, we determined that Wyo. Stat. Ann. § 6–2–501(f)(ii) is a sentence enhancement provision. *Fall,* 963 P.2d at 984; *Spinner,* ¶ 28, 75 P.3d at 1027. We have also said that, "in imposing sentence, the trial court is given broad discretion to consider a wide variety of factors about the defendant and his crimes." *Mehring v. State,* 860 P.2d 1101, 1115 (Wyo.1993). In *Craig,* ¶ 15, 163 P.3d at 832, we found no error when the district court determined, during the sentencing hearing, that Mr. Craig had two previous convictions of crimes against household members. Based on these precedents, we cannot conclude that the district court erred when it considered, during the sentencing hearing, the information contained in Mr. Romero's Presentence Investigation Report. Based on that information, together with the State's Exhibits 15 and 16, the district court had sufficient evidence to support its decision that Mr. Romero was subject to felony punishment under Wyo. Stat. Ann. § 6–2–501(f)(ii) for a third offense of battery against a household member.

[¶ 19] Affirmed.