2011 WY 115

**Christopher Wardell JONES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0241.**

Supreme Court of Wyoming.

Aug. 3, 2011.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Gregory A. Phillips, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Faculty Director, Prosecution Assistance Program; Jessica Y. Frint, Student Director, Prosecution Assistance Program. Argument by Ms. Frint.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant, Christopher Wardell Jones, pled guilty to a third battery against a household member. He appeals the district court's Judgment and Sentence, contending that Wyo. Stat. Ann. § 6–2–501(f)(ii), which prescribes the punishment for that crime, is unconstitutionally vague. We affirm.

## ISSUE

[¶ 2] Appellant presents the following issue:

Is W.S. § 6–2–501(f)(ii) void and unconstitutionally ambiguous as it is uncertain and susceptible to more than one meaning?

## FACTS

[¶ 3] On January 18, 2010, Appellant, his girlfriend, and the couple's daughter were driving to a friend's house. On the way, Appellant and his girlfriend began arguing. Appellant's girlfriend pulled the vehicle over and demanded that Appellant get out of the car. He refused. Appellant's girlfriend then exited the vehicle and removed her daughter from her car seat. Appellant grabbed his girlfriend by the hair, but she pulled away and fled with the child into a convenience store. She told the clerk to call the police and hid in the bathroom. The police officer who responded to the call found a significant amount of hair on the rear floorboard of the car. Appellant was located several hours later and attempted to evade the arresting officer before being apprehended and arrested.

[¶ 4] Appellant was charged with one count of battery, third offense against a household member in violation of Wyo. Stat. Ann. § 6–2–501(b) and 6–2–501(f)(ii), and one count of unlawfully and knowingly obstructing, impeding, or interfering with a peace officer engaged in the lawful performance of his official duties, in violation of Wyo. Stat. Ann. § 6–5–204(a). The charging documents alleged that Appellant's prior battery convictions had been entered in 2001 and 2002. After initially pleading not guilty to both charges, Appellant changed his plea to guilty on the battery offense and, pursuant to a plea agreement, the State dismissed the charge of interference with a peace officer. At the change of plea hearing, the court advised Appellant that he was pleading to a third battery and instructed that the crime was a felony punishable by imprisonment of not more than five years. Appellant acknowledged that he was pleading guilty to his third battery against a household member and asserted that he understood the

maximum statutory penalties. Appellant was sentenced to a prison term of four to five years, but the sentence was suspended in favor of four years of supervised probation. This appeal followed.

### STANDARD OF REVIEW

[¶5] Appellant challenges the constitutionality of Wyo. Stat. Ann. § 6–2–501(f)(ii). We review constitutional issues *de novo.* *Giles v. State,* 2004 WY 101, ¶10, 96 P.3d 1027, 1030 (Wyo.2004). As we have previously stated, "there is a strong presumption in favor of the constitutionality of a statute, with all doubt resolved in its favor." *Id.* To the extent that our review requires that we interpret Wyo. Stat. Ann. § 6–2–501(f)(ii), our review is *de novo. Harvey v. State,* 2011 WY 72, ¶6, 250 P.3d 167, 170 (Wyo.2011).

### DISCUSSION

[¶6] As noted above, Appellant pled guilty to a third battery against a household member in violation of Wyo. Stat. Ann. § 6–2–501(b) and 6–2–501(f)(ii). Wyo. Stat. Ann. § 6–2–501 provides, in relevant part, as follows:

§ 6–2–501. **Simple assault; battery; penalties.**

. . .

(b) A person is guilty of battery if he intentionally, knowingly or recklessly causes bodily injury to another person by use of physical force.

. . .

(d) Except as provided by subsection (f) of this section, battery is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both. Notwithstanding any other provision of law, the term of probation imposed by a judge under this subsection may exceed the maximum term of imprisonment established for the offense under this subsection provided the term of probation, together with any extension thereof, shall in no case exceed one (1) year.

. . .

(f) A household member as defined by W.S. 35–21–102 who commits a second or subsequent battery against any other household member shall be punished as follows:

(i) A person convicted upon a plea of guilty or no contest or found guilty of a second offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) through (g), 6–2–502, 6–2–503, 6–2–504 or other substantially similar law of this or any other state, tribe or territory against any other household member within the previous five (5) years is guilty of a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both. Notwithstanding any other provision of law, the term of probation imposed by a court under this paragraph may exceed the maximum term of imprisonment established for this offense under this paragraph provided the term of probation, together with any extension thereof, shall in no case exceed two (2) years;

(ii) *A person convicted upon a plea of guilty or no contest or found guilty of a third or subsequent offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) through (g), 6–2–502, 6–2–503, 6–2–504 or other substantially similar law of this or any other state, tribe or territory against any other household member within the previous ten (10) years is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than two thousand dollars ($2,000.00), or both.*

(LexisNexis 2009) (emphasis added). By entering an unconditional guilty plea, Appellant admitted all of the essential elements of the crime and waived appellate review of all nonjurisdictional defenses to his conviction. *Taylor v. State,* 2003 WY 97, ¶11, 74 P.3d 1236, 1239 (Wyo.2003). However, we have held that "[w]hile this leaves only narrowly

proscribed issues open to appeal, this Court has previously accepted that challenging the constitutionality of the statute under which the criminal defendant was charged does qualify as a jurisdictional defense." *Rutti v. State,* 2004 WY 133, ¶ 10, 100 P.3d 394, 401 (Wyo.2004). The party challenging a statute on constitutional grounds "bears the burden of proving the statute is unconstitutional. The appellant's burden of proof is heavy, and it includes the obligation to show both that he has a constitutionally protected interest and that it has been infringed in an impermissible way." *Fraternal Order of Eagles Sheridan Aerie No. 186 v. State,* 2006 WY 4, ¶ 47, 126 P.3d 847, 863 (Wyo.2006) (citations and internal quotation marks omitted).

■ [¶ 7] Appellant contends that Wyo. Stat. Ann. § 6–2–501(f)(ii) is unconstitutional because the statute "fails to give a person of ordinary sensibility fair notice of its meaning." He argues that the word "after" in the phrase "after having been convicted" is subject to multiple interpretations. He contends that the word "after" may be intended as a conjunction to introduce the dependent clause in Section 501(f)(ii), or alternatively, that it may be used to indicate time or sequential order. According to Appellant, under the first interpretation, a battery becomes a felony upon a *third* or subsequent offense. Under the second interpretation, Appellant contends the statute would make a battery a felony only upon a *fourth* or subsequent conviction. Because the statute is subject to two interpretations, Appellant asserts that it is unconstitutionally vague.

■ [¶ 8] A statute may be challenged for constitutional vagueness "on its face" or "as applied" to particular conduct. *Giles,* ¶ 15, 96 P.3d at 1031. Appellant does not identify either of these claims as the basis for his argument. However, we will consider Appellant's argument as a "facial attack" on the constitutionality of the statute because he appears to assert that Wyo. Stat. Ann. § 6–2–501(f)(ii) is unconstitutionally vague as applied to all defendants. A facial challenge to a statute is available in only two situations: (1) when the statute reaches a substantial amount of constitutionally protected conduct, or (2) when the statute is shown to specify no

standard of conduct at all. *Alcalde v. State,* 2003 WY 99, ¶ 13, 74 P.3d 1253, 1260 (Wyo. 2003). As we have previously recognized,

> Facial review is not appropriate in all cases. "[F]acial vagueness review is not common because ordinary canons of judicial restraint do not permit a party whose particular conduct is adequately described by a criminal statute to 'attack [the statute] because the language would not give similar fair warning with respect to other conduct which might be within its broad and literal ambit.'" (Emphasis omitted.) [*Schwartzmiller v. Gardner,* 752 F.2d 1341,] 1346 [ (9th Cir.1984) ] (quoting *Parker v. Levy,* 417 U.S. 733, [756,] 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974)).
>
> This principle is sometimes described in terms of standing. *Parker v. Levy, supra* 94 S.Ct. at 2561; *State v. Hegge,* 89 Wash.2d 584, [589,] 574 P.2d 386, 389 (1978).

*Giles,* ¶ 15, 96 P.3d at 1031–32.

■ [¶ 9] As indicated above, Appellant has made no attempt to argue either that the statute reaches a substantial amount of protected conduct or that the statute specifies no standard of conduct at all. Instead, Appellant argues that the statute is unconstitutional simply because it is ambiguous. However, the mere fact that a statute is ambiguous is not sufficient in itself to violate the constitutional guarantee of due process. As we noted in *Giles,*

> [The] prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for "(i)n most English words and phrases there lurk uncertainties." *Robinson v. United States,* 324 U.S. 282, 286, 65 S.Ct. 666, 668, 89 L.Ed. 944 (1945). Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. *Cf. Nash v. United States,* 229 U.S. 373, 33 S.Ct. 780, 57 L.Ed. 1232 (1913); *United States v. National Dairy Products Corp.,* 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963). All the

Due Process Clause requires is that the law give *sufficient warning that men may conduct themselves so as to avoid that which is forbidden.* (Emphasis supplied and footnote omitted.) *Rose v. Locke,* 423 U.S. 48, [50], 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975).

. . .

This Court . . . has consistently held that lack of precision is not itself offensive to the requirements of due process. "... [T]he Constitution does not require impossible standards"; all that is required is that the language *"conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices ...."* *United States v. Petrillo,* 332 U.S. 1, 7–8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 [(1947)]. (Emphasis supplied.) *Roth v. United States,* 354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498 (1957).

*Giles,* ¶ 12, 96 P.3d at 1030–31 (quoting *Sorenson v. State,* 604 P.2d 1031, 1033 (Wyo. 1979)). Appellant does not contend that the statute fails to "convey[ ] [a] sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Appellant's argument that the statute is ambiguous simply does not constitute sufficient grounds to invalidate the statute.

[¶ 10] Appellant further contends that the rule of lenity, which requires that a criminal defendant receive a lenient interpretation of an ambiguous statute, should apply. However, as previously noted, Appellant waived all non-jurisdictional defenses to his conviction by pleading guilty to the crime. Because Appellant's argument that the rule of lenity should operate to resolve any statutory ambiguity in his favor does not involve a challenge to the constitutionality of the statute, or invoke any other jurisdictional concern, we would be justified in refusing to consider this argument. However, for the sake of clarity, we will proceed to determine whether the statute presents an unresolvable ambiguity in light of the principle that the rule of lenity applies only in cases of ambiguity. *See Crain v. State,* 2009 WY 128, ¶ 10, 218 P.3d 934, 940 (Wyo.2009).

[¶ 11] In determining whether the statute is ambiguous, we apply the following rules of statutory interpretation:

A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. Unless another meaning is clearly intended, words and phrases shall be taken in their ordinary and usual sense. Conversely, a statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations. In determining whether a statute is ambiguous we begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia.* When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction.

*Anderson v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2010 WY 157, ¶ 9, 245 P.3d 263, 266 (Wyo.2010) (citations omitted).

[¶ 12] Read as a whole, Wyo. Stat. Ann. § 6–2–501(f)(ii) is not ambiguous. First, a plain language interpretation of the statute suggests that "after" is used as a conjunction to introduce the phrase "having been convicted . . . within the previous ten (10) years." Under this interpretation, the statute simply requires that the third battery offense must have occurred within ten years of a previous battery or other enumerated crime. Second, the penalty portion of the statute sets forth a clear and logical progression from a first battery, as set forth in Section 501(d), to a second battery, as set forth in Section 501(f)(i), to a third or subsequent battery, as set forth in Section 501(f)(ii). Third, the lead-in paragraph to subsections (f)(i) and (f)(ii) indicates that the penalty prescribed in subsection (f)(ii) applies to a third battery. That paragraph states that "A household member as defined by W.S. 35–21–102 who commits a *second or subsequent battery* against any other household member shall be punished as follows."

(Emphasis added.) If, as Appellant contends, subsections (f)(i) and (f)(ii) described the penalties relating to third and fourth or subsequent batteries, respectively, rather than second and third or subsequent batteries, then there would be no separate penalty in Section 501(f) applicable to a second battery. This interpretation directly contradicts the clear statement in Section 501(f) that subsections (f)(i) and (f)(ii) apply to a "second or subsequent battery." Finally, when determining whether a statute provides sufficiently clear notice of what it intends to proscribe, we consider "not only the statutory language but also any prior court decisions which have placed a limiting construction on the statute or have applied it to specific conduct." *Giles*, ¶ 13, 96 P.3d at 1031. As the State points out, we have decided at least ten cases involving defendants who were sentenced under the enhanced sentencing provision of Wyo. Stat. Ann. § 6–2–501(f)(ii) based on a third conviction of battery against a household member. *See Sena v. State*, 2010 WY 93, ¶¶ 11–16, 233 P.3d 993, 996–97 (Wyo.2010); *Romero v. State*, 2010 WY 84, ¶¶ 8, 9, 233 P.3d 951, 954 (Wyo.2010);

*Dean v. State*, 2008 WY 124, ¶ 1, 194 P.3d 299, 299–300 (Wyo.2008); *Sarr v. State*, 2007 WY 140, ¶¶ 1, 2, 166 P.3d 891, 892–93 (Wyo. 2007); *Craig v. State*, 2007 WY 122, ¶ 1, 163 P.3d 828, 829 (Wyo.2007); *Crabtree v. State*, 2005 WY 62, ¶ 1, 112 P.3d 618, 619 (Wyo. 2005); *Boykin v. State*, 2005 WY 15, ¶ 1, 105 P.3d 481, 482 (Wyo.2005); *Messer v. State*, 2004 WY 98, ¶¶ 4–7, 96 P.3d 12, 14–15 (Wyo. 2004); *Abeyta v. State*, 2003 WY 136, ¶ 3, 78 P.3d 664, 666 (Wyo.2003); *Fall v. State*, 963 P.2d 981, 982 (Wyo.1998). For the reasons set forth above, we find that Wyo. Stat. Ann. § 6–2–501(f)(ii) is not ambiguous. Consequently, the rule of lenity does not apply, for "where the statute under consideration is unambiguous, the rule of lenity has no role to play." *Crain*, ¶ 10, 218 P.3d at 940.

[¶ 13]   Affirmed.