# IN THE SUPREME COURT, STATE OF WYOMING

# 2022 WY 48

APRIL TERM, A.D. 2022

April 6, 2022

ALFONSO ROMAN,

Appellant
(Defendant),

v.

S-21-0178

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Fremont County*
*The Honorable Jason M. Conder, Judge*

*Representing Appellant:*
Office of the State Public Defender: Diane Lozano, Wyoming State Public Defender; Kirk A. Morgan, Chief Appellate Counsel; Robin S. Cooper, Senior Assistant Appellate Counsel.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Alfonso Roman was arrested for fleeing from the police and was searched. His pockets contained substances the arresting officer believed to be methamphetamine and marijuana. He was charged with possession of methamphetamine, possession of marijuana, and interference with a peace officer. A jury found him guilty of all three charges. On appeal, Mr. Roman argues that the State had the burden of proving that the marijuana substance found in his possession had a tetrahydrocannabinol (THC) concentration of more than 0.3%, and because it failed to do so, there was insufficient evidence to support his conviction for possession of marijuana. We affirm.

## *ISSUE*

[¶2]    Did the State have the burden of proving the substance Mr. Roman possessed had a THC concentration of more than 0.3% in order to meet its burden to prove every element of the charged offense—possession of marijuana?

## *FACTS*

[¶3]    Officer Randy Foos was responding to a call when he saw a man he recognized as Mr. Roman, and who he knew had an outstanding arrest warrant for failure to appear on a minor traffic violation. When Mr. Roman saw Officer Foos' patrol car, he ran. Officer Foos turned down a cross street in a successful maneuver to cut Mr. Roman off. He, then, exited his patrol car and yelled, "Stop, police." Mr. Roman did not stop but changed directions and continued running. Officer Foos got back into his patrol car and began to search the surrounding area. Meanwhile, Officer James Donahue, who was on his way to assist Officer Foos, saw Mr. Roman run toward a house. He reported this to Officer Foos, and the two met at the house and searched it. When they failed to find Mr. Roman inside, they continued to search the area.

[¶4]    They eventually found Mr. Roman hiding in a boat at a lumber yard. Officer Foos arrested Mr. Roman and escorted him to his patrol car where he searched him. Mr. Roman had a "small baggy containing a white crystal substance" and "two glass pipes" in his right front pocket. His left front pocket contained "a silver marijuana grinder and [a] small baggy containing a green leafy substance."

[¶5]    Mr. Roman was initially charged with misdemeanor possession of methamphetamine and misdemeanor possession of marijuana. These charges were later enhanced to felonies under Wyo. Stat. Ann. § 35-7-1031(c)(i) as a result of two prior convictions for possession of controlled substances. The district court held a two-day jury trial where the State presented witnesses and exhibits.

1

[¶6]    Officer Foos testified that through his training and experience he was able to identify the white crystal substance found in Mr. Roman's right front pocket as methamphetamine and the green leafy substance found in Mr. Roman's left front pocket as "raw marijuana." He stated that these substances were tested shortly after Mr. Roman's arrest.  The white crystal substance yielded a "presumptive positive for methamphetamine" while the green leafy substance yielded "a presumptive positive for THC"—the active ingredient in marijuana.

[¶7]    Joshua Williams, a forensic scientist with the Wyoming State Crime Lab, also testified.  He said that he had tested both substances and confirmed that "[t]he white crystalline material tested positive for the presence of methamphetamine," and "[t]he green plant material tested positive for the presence of [THC]."  He concluded that the green leafy substance was "consistent with marijuana."  There was no testimony on the THC concentration.

[¶8]    The jury convicted Mr. Roman of possession of methamphetamine, possession of marijuana, and interference with a peace officer.[1]  Mr. Roman was given concurrent sentences of forty-two to sixty months for possession of methamphetamine, six months for possession of marijuana, and ninety days for interference with a peace officer.  He appeals arguing that, in the absence of proof of the THC concentration, there was insufficient evidence to support his possession of marijuana conviction.

### STANDARD OF REVIEW

[¶9]    In reviewing a claim for sufficiency of the evidence, "[w]e need not determine whether the evidence established the defendant's guilt beyond a reasonable doubt." *Mitchell v. State*, 2020 WY 142, ¶ 33, 476 P.3d 224, 237 (Wyo. 2020) (citing *Pyles v. State*, 2020 WY 13, ¶ 6, 456 P.3d 926, 929 (Wyo. 2020)).  Instead, "we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt." *Regan v. State*, 2015 WY 62, ¶ 10, 350 P.3d 702, 705 (Wyo. 2015) (quoting *Dean v. State*, 2014 WY 158, ¶ 8, 339 P.3d 509, 512 (Wyo. 2014)).  In doing so, "[w]e examine 'the evidence in the light most favorable to the State.  We accept all evidence favorable to the State as true and give the State's evidence every favorable inference which can reasonably and fairly be drawn from it.'" *Pyles*, ¶ 6, 456 P.3d at 929 (quoting *Thompson v. State*, 2018 WY 3, ¶ 14, 408 P.3d 756, 761 (Wyo. 2018)).  "We will not 're-weigh the evidence or re-examine the credibility of the witnesses, and we disregard

---

[1] Mr. Roman filed a motion for new trial based on newly discovered evidence.  He argued that the federal Agriculture Improvement Act of 2018 required the State to prove beyond a reasonable doubt that the substance he possessed had a THC concentration of over 0.3% to qualify as marijuana.  He asserted that he was unaware of this change in federal law before trial on March 9, 2020.  The district court held a hearing and denied the motion concluding that the 2018 federal law and the 2019 Wyoming law did not constitute new evidence.

2

any evidence favorable to the appellant that conflicts with the State's evidence.'" *Mitchell*, ¶ 33, 476 P.3d at 237 (quoting *Pyles*, ¶ 6, 456 P.3d at 929).

[¶10] "This appeal also presents questions of statutory interpretation and construction, which are questions of law that we consider de novo." *Rosen v. State*, 2022 WY 16, ¶ 7, 503 P.3d 41, 44 (Wyo. 2022) (citing *Matter of Adoption of ATWS*, 2021 WY 62, ¶ 8, 486 P.3d 158, 160 (Wyo. 2021)).

## *DISCUSSION*

[¶11]  Mr. Roman challenges the sufficiency of the evidence supporting his conviction of possession of marijuana, specifically the failure of the State to prove the concentration of the substance he possessed was greater than 0.3%.

[¶12]  Wyoming's possession of marijuana statute, Wyo. Stat. Ann. § 35-7-1031(c)(i)(A), provides that a person who knowingly or intentionally has in his possession no more than three ounces of marijuana in plant form commits a misdemeanor offense.  "The State had the burden of proving every material and necessary element of the charged crime beyond a reasonable doubt." *Reyes v. State*, 2022 WY 41, ¶ 16, 505 P.3d 1264, 1268 (Wyo. 2022) (citing *Harper v. State*, 970 P.2d 400, 405 (Wyo. 1998)).  The elements of a possession crime are that the defendant: "(1) either individually or jointly with another exercised dominion and control over the substance; (2) had knowledge of its presence; and (3) had knowledge that the substance was a controlled substance." *Mitchell*, ¶ 34, 476 P.3d at 237–38 (quoting *Regan*, ¶ 15, 350 P.3d at 706).

[¶13] Marijuana is a Schedule I controlled substance.  Wyo. Stat. Ann. § 35-7-1014(d)(xiii); *Pyles*, ¶ 7, 456 P.3d at 929.  It is defined as:

> all parts of the plant of the genus Cannabis, whether growing or not; the seed thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin.  It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination[.]

Wyo. Stat. Ann. § 35-7-1002(a)(xiv) (LexisNexis 2021).  Hemp is not a controlled substance. *See* Wyo. Stat. Ann. § 35-7-1002(a)(iv) (defining a controlled substance as "a drug, substance, or immediate precursor in schedules I through V of article III"); Wyo. Stat. Ann. §§ 35-7-1014, -1016, -1018, -1020, -1022 (listing the controlled substances

3

included in schedules I through V of article III which do not include hemp). Hemp is defined as "all parts, seeds and varieties of the plant cannabis sativa l. or a product made from that plant with a [THC] concentration of not more than three-tenths of one percent (0.3%) on a dry weight basis." Wyo. Stat. Ann. § 35-7-1063(b).

[¶14] Mr. Roman argues that the State had the burden of proving that the substance he possessed had a THC concentration of more than 0.3%. The State responds that once it presented evidence proving that the substance was marijuana, Wyo. Stat. Ann. § 35-7-1050(a) placed the burden on Mr. Roman to prove that the substance was hemp.

[¶15] Mr. Roman's argument requires us to interpret two statutes contained in the Wyoming Controlled Substances Act (Act)—Wyo. Stat. Ann. § 35-7-1050(a) and Wyo. Stat. Ann. § 35-7-1063. In construing a statute, we "begin[] by first determining if the statute . . . is 'clear and unambiguous' or 'ambiguous or subject to varying interpretations.'" *Sinclair Wyoming Refin. Co. v. Infrasurre, Ltd.*, 2021 WY 65, ¶ 12, 486 P.3d 990, 994 (Wyo. 2021) (quoting *Ultra Res., Inc. v. Hartman*, 2010 WY 36, ¶ 69, 226 P.3d 889, 916 (Wyo. 2010)). "A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability. A statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." *Rosen*, ¶ 9, 503 P.3d at 44 (quoting *Vahai v. Gertsch*, 2020 WY 7, ¶ 27, 455 P.3d 1218, 1227 (Wyo. 2020)). "[W]e examine the plain and ordinary meaning of the words to determine whether the statute is ambiguous." *Id.* (quoting *ATWS*, ¶ 9, 486 P.3d at 160). "We construe the statute as a whole, giving effect to every word, clause, and sentence[.]" *Yager v. State*, 2015 WY 139, ¶ 11, 362 P.3d 777, 780 (Wyo. 2015) (quoting *Jones v. State*, 2011 WY 115, ¶ 11, 256 P.3d 536, 541 (Wyo. 2011)). "Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court." *State v. John*, 2020 WY 46, ¶ 24, 460 P.3d 1122, 1131 (Wyo. 2020) (quoting *Stutzman v. Off. of Wyoming State Eng'r*, 2006 WY 30, ¶ 15, 130 P.3d 470, 475 (Wyo. 2006)). "When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction." *Yager*, ¶ 11, 362 P.3d at 780 (quoting *Jones*, ¶ 11, 256 P.3d at 541).

[¶16] To determine which party had the burden of proof, we first examine Wyo. Stat. Ann. § 35-7-1050(a) which states:

> It is not necessary for the state to negate any exemption or exception in this act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this act. The burden of proof of any exemption or exception is upon the person claiming it.

Wyo. Stat. Ann. § 35-7-1050(a) (LexisNexis 2021). We interpreted Wyo. Stat. Ann. § 35-7-1050(a) in *Pool v. State*. In *Pool*, a jury convicted Mr. Pool of possession of marijuana

and possession of methamphetamine. *Pool v. State*, 2001 WY 8, ¶¶ 7–9, 17 P.3d 1285, 1287 (Wyo. 2001). Mr. Pool appealed, arguing that "the State failed to prove that he did not have a valid prescription or order of a practitioner for the methamphetamine." *Id.* ¶¶ 9–10, 17 P.3d at 1287. A valid prescription or order of a practitioner is an exception to the crime of possession of a controlled substance. Wyo. Stat. Ann. § 35-7-1031(c). The State relied on Wyo. Stat. Ann. § 35-7-1050(a). *Pool*, ¶ 11, 17 P.3d at 1288. We interpreted Wyo. Stat. Ann. § 35-7-1050(a) and held that the State did not have the burden "to prove a negative fact, i.e., that there was no prescription or valid order authorizing the possession of the substance." *Id.* ¶ 13, 17 P.3d at 1288.

[¶17] We explicate here that Wyo. Stat. Ann. § 35-7-1050(a) unambiguously places the burden to prove exemptions or exceptions to the Act on the person claiming such exemption or exception. The first sentence—"[i]t is not necessary for the state to negate any exemption or exception in this act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this act"—makes clear that the State is not required to disprove any exemption or exception. Wyo. Stat. Ann. § 35-7-1050(a). The second sentence—"[t]he burden of proof of any exemption or exception is upon the person claiming it"—assigns the burden of proving an exemption or exception to the claimant. *Id.*

[¶18] Because Wyo. Stat. Ann. § 35-7-1050(a) applies to "exceptions" in the Act, we must determine whether the THC concentration distinguishing hemp from marijuana qualifies as an exception. Wyo. Stat. Ann. § 35-7-1063 provides:

> **Exceptions to provisions.**
>
> (a) The provisions and penalties of this chapter shall not apply to:
>
>> (i) The possession or use of hemp or hemp products for any purpose or application;
>>
>> (ii) Persons in possession of any controlled substances for purposes of disposal in accordance with 21 C.F.R. part 1317.30 and 21 C.F.R. part 1317.35;
>>
>> (iii) Hemp production, processing or testing in accordance with the provisions of W.S. 11-51-101 through 11-51-107.
>
> (b) [Hemp is defined as] all parts, seeds and varieties of the plant cannabis sativa l. or a product made from that plant with a trans-delta 9-tetrahydrocannabinol (THC) concentration of

not more than three-tenths of one percent (0.3%) on a dry weight basis.

Wyo. Stat. Ann. § 35-7-1063 (LexisNexis 2021).

[¶19]   "When interpreting a statute, '[w]e are guided by the full text of the statute, paying attention to its internal structure and the functional relation between the parts and the whole.'" *In Int. of JB*, 2017 WY 26, ¶ 16, 390 P.3d 357, 361 (Wyo. 2017) (quoting *Seherr-Thoss v. Teton Cnty. Bd. of Cnty. Comm'rs*, 2014 WY 82, ¶ 19, 329 P.3d 936, 945 (Wyo. 2014)).   The statute is entitled "*Exceptions* to provisions."  Wyo. Stat. Ann. § 35-7-1063 (emphasis added).   A statutory exception is "[a] provision in a statute exempting certain persons or conduct from the statute's operation."  *Exception*, *Black's Law Dictionary* (11th ed. 2019).   Subsection (a)(i) *excepts* the possession of hemp from "[t]he provisions and penalties" in the Act.   Subsection (b) defines hemp as containing a THC concentration of not more than 0.3%.

[¶20]   Under Wyo. Stat. Ann. § 35-7-1050(a), Mr. Roman bore the burden of establishing that the substance he possessed had a THC concentration of not more than 0.3% because Wyo. Stat. Ann. § 35-7-1063 unambiguously creates an exception.  *See Thompson v. Commonwealth*, 865 S.E.2d 434, 440 (Va. Ct. App. 2021) (holding that the State did not have the burden to prove the THC concentration of the substance because hemp is an exemption under the statutory scheme).   Mr. Roman made no argument that the evidence was otherwise insufficient to support his conviction.

## *CONCLUSION*

[¶21]   The burden to establish an exception to possession of marijuana under the Wyoming Controlled Substances Act is on the person claiming the exception—here, Mr. Roman. There was sufficient evidence to support Mr. Roman's conviction for possession of marijuana.  Affirmed.